UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

————

| | | |
|---|---|---|
| DARNEL WALKER, JR., #170829, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:04-cv-79 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CRISTY SZCZESNY, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §1983. On November 23, 2005, Magistrate Judge Joseph G. Scoville issued a 13-page report and recommendation (docket # 58) recommending that plaintiff's motion for summary judgment (docket # 50) be denied, that defendants' motion for summary judgment (docket # 53) be granted, and that judgment be entered in favor of defendants on all plaintiff's claims. The matter is now before the court for *de novo* review on plaintiff's objections to the report and recommendation. (docket #'s 59, 60).

Plaintiff's initial objection is that on page 5 the report and recommendation should have referred to a single "witness" rather than using the plural "witnesses." Plaintiff objects to the term "shooting" which appears on the same page, and would have preferred it if the magistrate judge had stated that the witness "heard a sound." These objections are insubstantial. The report and recommendation accurately indicates that police received a report of the discharge of a firearm, and that a witness stated that one of the perpetrators had been wearing yellow shorts.

Plaintiff's next two objections relate to consent provided allowing the police search of the Lincoln Navigator. Plaintiff is bound by the state-court's factual findings concerning consent for the reasons set forth at length in the report and recommendation.

Plaintiff's fourth objection is that the report and recommendation erroneously indicated that defendant Robinson rather than defendant Szczesny seized the gun from the Navigator's floorboard. Plaintiff's objection concerning the identity of the defendant who retrieved the gun is inconsequential in light of the consent provided and the probable cause the defendants had to arrest plaintiff.

Plaintiff's fifth objection concerns the location exact of the drugs recovered by the police. Plaintiff argues that on page 6 of the report and recommendation that magistrate judge should have referred to the drugs being "found behind the plexi glass where they come together at the bottom of the door" rather than simply stating that the drugs were found in the area of the police car where plaintiff had been seated. Plaintiff's objection is trivial. The jury found that petitioner unlawfully possessed the drugs police found inside the police car.

Next, plaintiff argues that *Heck v. Humphrey*, 512 U.S. 477 (1994) should not bar his § 1983 claims against these defendants because the state court that convicted him lacked jurisdiction. Plaintiff cannot bring a challenge under section 1983 to the validity of his criminal conviction. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1245 (2005)(citations omitted); *see Weatherly v. Kingsport Police Dep't*, 68 F. App'x 600, 601 (6th Cir. 2003)("The writ of habeas corpus [] provides the

exclusive remedy for challenges that necessarily imply the invalidity of the fact or duration of a prisoner's confinement.").

Plaintiff's objections expressly abandon any claim that the search of the police car was unlawful. Plaintiff states that the only search he is now attempting to challenge is the search of the Navigator. (docket # 60 at 5). He argues that because he was never convicted of any criminal charges based on the gun found in his vehicle, he should now be permitted to challenge in a civil rights suit defendants' investigatory stop of his person, his arrest, and the search of the Navigator. (*Id.*). Among other things, plaintiff's argument ignores the fruit of the poisonous tree doctrine. If plaintiff's initial detention was unlawful, the fruit of the poisonous tree doctrine would have required suppression of not only the gun seized, but also the drugs that plaintiff hid inside the police car while he was "unlawfully" detained. *See Murray v. United States*, 487 U.S. 533, 537 (1988); *Wong Sun v. United States*, 371 U.S. 471 (1963); *see also United States v. Davis*, 430 F. 3d 345, 358 (6th Cir. 2005); *Joshua v. Dewitt*, 341 F.3d 430, 445 (6th Cir. 2003); *United States v. Humphrey*, 30 F. App'x 596, 599 (6th Cir. 2002). Plaintiff's belated effort to limit the scope of his complaint does not eliminate the *Heck* bar.

Plaintiff's remaining objections relate to the magistrate judge's analysis of issue preclusion concerning consent provided for the search of the Navigator, the probable cause for plaintiff's arrest, and defendants' entitlement to summary judgment on plaintiff's state-law tort claims. Upon review, the court is in agreement with the magistrate judge's analysis and conclusions on these issues.

## **Conclusion**

For the reasons stated, plaintiff's objections will be overruled, the magistrate judge's

report and recommendation will be adopted as the court's opinion, plaintiff's motion for summary

judgment will be denied,  defendants' motion for summary judgment will be granted, and judgment

will be entered in defendants' favor on all plaintiff's claims.


Date:   January 3, 2006              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE